IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **RICHARD MASS, JR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **NO. 3:20-cv-00798** |
| **v.** ) | |
| ) | **JUDGE CAMPBELL** |
| **CORE CIVIC INC.,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM

Plaintiff Richard Mass, Jr., an inmate at Metro-Davidson County Detention Facility ("MDCDF") in Nashville, Tennessee, filed a pro se civil rights complaint under 42 U.S.C. § 1983 (Doc. No. 1) against Core Civic Inc. Plaintiff also filed an application to proceed as a pauper. (Doc. No. 2). The Complaint is before the Court for an initial review. As explained below, Plaintiff fails to state a Section 1983 claim against Core Civic at this time, but he will be permitted to file an amended complaint prior to dismissal of this action.

### I. APPLICATION TO PROCEED AS A PAUPER

The Court may authorize an inmate to file a civil suit without prepaying the filing fee. 28 U.S.C. § 1915(a). Plaintiff's application (Doc. No. 2 at 1–2) is accompanied by a certified copy of his inmate trust account statement (*id.* at 3–5), and it appears that Plaintiff cannot pay the filing fee in advance. Accordingly, his application will be granted, and the $350.00 filing fee will be assessed as directed in the accompanying Order. 28 U.S.C. § 1915(b)(1).

### II. INITIAL REVIEW

The Court must dismiss the Complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §

1915(e)(2)(B); 42 U.S.C. § 1997e(c). The Court also must liberally construe pro se pleadings and hold them to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

**A. Factual Allegations**

Plaintiff's allegations concern the conditions of confinement at MDCDF in August and September 2020 as it relates to the ongoing coronavirus pandemic ("COVID-19"). Taking Plaintiff's factual allegations as true, the Court has established the following summary for the purpose of conducting an initial review.

Plaintiff has medical conditions that place him at a higher risk of severe illness from contracting COVID-19, including hepatitis C and high blood pressure. (Doc. No. 1 at 5–6, 13). The entire MDCDF facility was tested for COVID-19 on August 4 and received results on August 7. (*Id.* at 5, 12). Plaintiff tested negative, while ten inmates in his housing unit tested positive. (*Id.* at 4, 12). Other inmates who tested positive were moved to an annex to quarantine, but MDCDF staff placed Plaintiff's entire housing unit on lock down, such that inmates who tested positive remained in the same pod as Plaintiff and other inmates who tested negative. (*Id.* at 4, 12–13). The positive and negative inmates in Plaintiff's pod all used the same phones and showers, and they did not receive face masks or cleaning chemicals. (*Id.* at 12). The air circulation system in the pod also continued to distribute air through each cell. (*Id.*).

Plaintiff got another COVID-19 test on August 19 and he received a positive result on August 21, at which point he was moved to the annex. (*Id.* at 5, 12–13). Several other formerly negative inmates in Plaintiff's unit also tested positive at that time. (*Id.* at 5). Plaintiff got very sick, with symptoms including difficulty breathing, chest pain, a fever of "almost 100" degrees, upset stomach, loss of appetite, loss of taste, cold sweats, diarrhea, and a constant headache. (*Id.*).
2

Plaintiff "felt like [he] was dying," and he still experienced symptoms as of the time he signed the Complaint on September 5. (*Id.* at 5, 11). During quarantine in the annex, facility staff checked on him and gave him Tylenol once a day. (*Id.* at 5).

Plaintiff sues Core Civic Inc., and requests compensatory damages and release from custody. (*Id.* at 5).

**B. Legal Standard**

To determine if the Complaint passes initial review under the applicable statutes, the Court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). The Court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)). An assumption of truth does not extend to allegations that consist of legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

**C. Analysis**

"There are two elements to a § 1983 claim. First, a plaintiff must allege that a defendant acted under color of state law. Second, a plaintiff must allege that the defendant's conduct deprived the plaintiff of rights secured under federal law." *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 539 (6th Cir. 2012) (citations omitted).

1. <u>Conditions of Confinement</u>

Plaintiff, a convicted prisoner (Doc. No. 1 at 4), asserts that Core Civic violated his right to humane conditions of confinement (*id.* at 3). The Eighth Amendment protects convicted

3

prisoners from the "unnecessary and wanton infliction of pain," *Hope v. Pelzer*, 536 U.S. 730, 737 (2002) (citation omitted), which imposes a duty on jail officials to "provide humane conditions of confinement." *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994) (citations omitted). "An Eighth Amendment conditions of confinement claim [] contains both an objective and a subjective component." *Richmond v. Settles*, 450 F. App'x 448, 455 (6th Cir. 2011) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). "The objective component requires the plaintiff to demonstrate that he has been subjected to specific deprivations that are so serious that they deny him 'the minimal civilized measure of life's necessities.'" *Id.* (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). "The subjective component," meanwhile, "requires the plaintiff to demonstrate that the prison officials acted wantonly, with deliberate indifference to the plaintiff's serious needs." *Id.* (citing *Farmer*, 511 U.S. at 834).

Because it "performs the traditional state function of operating a prison," Core Civic "acts under the color of state law for purposes of § 1983." *Thomas v. Coble*, 55 F. App'x 748, 748 (6th Cir. 2003) (citing *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996)). To state a claim against Core Civic, Plaintiff must allege that his "'constitutional rights were violated and that a policy or custom' of [Core Civic] 'was the moving force behind the deprivation of [his] rights." *Savoie v. Martin*, 673 F.3d 488, 494 (6th Cir. 2012) (quoting *Miller v. Sanilac Cnty.*, 606 F.3d 240, 255 (6th Cir. 2010)).

Here, Plaintiff satisfies the objective component of this claim by alleging that he has medical conditions placing him at high risk of severe illness from contracting COVID-19, and that he was housed in a pod with ten inmates who tested positive for the virus from August 7 to August 21. During this period of time, Plaintiff alleges that the positive inmates used the same phone and shower as the negative inmates, and that these inmates were not provided face masks or cleaning

4

Case 3:20-cv-00798   Document 4   Filed 09/30/20   Page 4 of 8 PageID #: 28

chemicals. Plaintiff alleges that he and several other inmates contracted COVID-19 as a result of these conditions. These deprivations were sufficiently serious to deny Plaintiff the minimal civilized measure of life's necessities.

Liberally construing the Complaint, Plaintiff also satisfies the subjective component of this claim against Core Civic by alleging that MDCDF staff "knowingly kept" ten positive inmates in the same housing pod as Plaintiff and other negative inmates for two weeks (Doc. No. 1 at 4, 12) without taking "reasonable measures to abate" the risk of serious harm created by these conditions. *See Richmond v. Huq*, 885 F.3d 928, 948 (6th Cir. 2018) (quoting *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 900 (6th Cir. 2004)) (discussing deliberate indifference by a municipal entity).

Plaintiff, however, fails to state a claim against Core Civic at this time because he does not make any allegation from which the Court can reasonably infer that Core Civic had a "policy or custom" that was the moving force behind the asserted constitutional violation. "There are four methods of showing . . . a policy or custom: the plaintiff may prove '(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations.'" *Jackson v. City of Cleveland*, 925 F.3d 793, 828 (6th Cir. 2019) (quoting *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013)). Allegations that Plaintiff suffered a constitutional violation by a Core Civic employee, alone, are insufficient to impose liability on Core Civic itself. *See D'Ambrosio v. Marino*, 747 F.3d 378, 388–89 (6th Cir. 2014) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)) ("A municipality may not be held liable under § 1983 on a respondeat superior theory—in other words, 'solely because it employs a tortfeasor.'").

5

Because Plaintiff is representing himself, he will have an opportunity to file an amended complaint that states a conditions-of-confinement claim against Core Civic in light of these standards. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA.").

2. Medical Treatment

Plaintiff also asserts that Core Civic violated his right to be free from cruel and unusual punishment. (Doc. No. 1 at 3). The Eighth Amendment's ban on cruel and unusual punishment "is violated when prison doctors or officials are deliberately indifferent to [a] prisoner's serious medical needs." *Richmond*, 885 F.3d at 937 (quoting *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001)). "A constitutional claim for deliberate indifference contains both an objective and a subjective component. The objective component requires a plaintiff to show the existence of a 'sufficiently serious' medical need." *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 550 (6th Cir. 2009) (quoting *Farmer*, 511 U.S. at 834). "The subjective component, in contrast, requires a plaintiff to 'allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk.'" *Id.* (quoting *Comstock*, 273 F.3d at 703).

Here, Plaintiff fails a state an inadequate-medical-care claim against Core Civic for the same reason as the previous claim. That is, Plaintiff satisfies both the objective and the subjective components, but he does make allegations from which the Court can reasonably infer that the constitutional violation resulted from a policy or custom of Core Civic.

As to the objective component, Plaintiff alleges that he tested positive for COVID-19 on August 21, and that he experienced a range of symptoms that made him feel like he was dying. All

6

the while, Plaintiff allegedly suffered from potentially complicating underlying medical conditions. These medical needs are sufficiently serious.[1]

Next, by alleging that MDCDF staff moved him to the annex to quarantine after testing positive on August 21, Plaintiff alleges that Core Civic was aware of Plaintiff's medical needs. And liberally construing the Complaint, Plaintiff alleges that Core Civic deliberately disregarded these needs by providing one daily dose of Tylenol—treatment potentially "so woefully inadequate as to amount to no treatment at all." *Richmond*, 865 F.3d at 939 (quoting *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011)).

Again, however, an asserted constitutional violation by Core Civic staff cannot support liability for Core Civic itself unless the violation was the result of Core Civic's policy or custom. And so, this claim cannot proceed against Core Civic unless Plaintiff files an amended complaint that states a claim in light of this standard/

3. <u>Requested Relief</u>

Finally, the Court notes that Plaintiff requests both monetary damages and release from custody. If Plaintiff states a claim against Core Civic, he may pursue his request for monetary damages. But a prisoner seeking "immediate release or a speedier release" must do so "through a writ of habeas corpus, not through § 1983." *Wershe v. Combs*, 763 F.3d 500, 504 (6th Cir. 2014) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)). Thus, to the extent that Plaintiff asserts constitutional violations occurring at MDCDF "as a result of the [COVID-19] pandemic can be

---

[1] The Sixth Circuit describes COVID-19 as follows: "The COVID-19 virus is highly infectious and can be transmitted easily from person to person. COVID-19 fatality rates increase with age and underlying health conditions such as cardiovascular disease, respiratory disease, diabetes, and immune compromise. If contracted, COVID-19 can cause severe complications or death." *Wilson v. Williams*, 961 F.3d 829, 833 (6th Cir. 2020).

7

remedied only by release," the proper vehicle for pursuing that remedy is a habeas corpus petition. *See Wilson*, 961 F.3d at 838.

### III. CONCLUSION

For these reasons, Plaintiff's application to proceed as a pauper (Doc. No. 2) will be **GRANTED**, his request for release from custody will be **DENIED** without prejudice.

Plaintiff fails to state a claim under Section 1983 at this time, but he will have an opportunity to file an Amended Complaint regarding his claims against Core Civic. Additionally, Plaintiff may assert a claim against an individual Core Civic employee by specifically identifying that employee and including factual allegations plausibly suggesting that the employee directly participated in a violation of Plaintiff's constitutional rights. *See Winkler v. Madison Cnty*, 893 F.3d 877, 891 (6th Cir. 2018) (quoting *Phillps v. Roane Cnty., Tenn.*, 534 F.3d 531, 542 (6th Cir. 2008)) ("[T]he subjective component of a deliberate indifference claim must be addressed for each officer individually.").

An appropriate Order shall enter.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE